**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PHILIP T. REEB,
                    *Petitioner-Appellant,*

                    v.

JEFFREY THOMAS, Warden, FCI
Sheridan, AKA J.E. Thomas,
                    *Respondent-Appellee.*

No. 09-35815

D.C. No.
08-CV-01184-HA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted December 7, 2010*
Seattle, Washington

Filed March 3, 2011

Before: Diarmuid F. O'Scannlain and Richard C. Tallman,
Circuit Judges, and David Alan Ezra,** District Judge.

Opinion by Judge Ezra

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable David Alan Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

---

## COUNSEL

Marc Friedman, Esq., Eugene, Oregon, for the appellant.

Kevin Danielson, Assistant United States Attorney, Portland, Oregon, for the appellee.

---

## OPINION

EZRA, District Judge:

This case requires us to decide whether a district court has subject matter jurisdiction to review the Bureau of Prisons' ("BOP") individualized residential drug abuse program

("RDAP") determinations, a question of first impression in this Circuit. The existence of subject matter jurisdiction is a question of law reviewed *de novo*. *Puri v. Gonzales*, 464 F.3d 1038, 1040 (9th Cir. 2006). Because we hold that 18 U.S.C. § 3625 precludes judicial review under the Administrative Procedure Act ("APA") of the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, we vacate and remand to the district court.

## I.   Background

RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. 28 C.F.R. § 550.56.[1] The program utilizes both individual and group activities and requires at least 500 hours of treatment over a period of 6 to 12 months. *Id.* Treatment is conducted in a unit set apart from the general prison population and is followed by institutional and/or community-based transitional programs. *Id.* Successful completion of RDAP can result in up to a one-year reduction in a prisoner's sentence. 18 U.S.C. § 3621(e)(2)(B).

On April 22, 2003, Petitioner Philip T. Reeb was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and (B), and was sentenced to 135 months imprisonment followed by 5 years supervised release. Reeb was found eligible for admission into RDAP on June 30, 2006, and he began the program on March 3, 2008 at the Federal Correctional Institution at Sheridan, Oregon. After exhibiting disruptive behavior in group counseling sessions on several occasions, Reeb was expelled from RDAP on April 2, 2008.

---

[1]Although the BOP subsequently repealed 28 C.F.R. § 550.56, this regulation was in effect at all times pertinent to the instant appeal. The current, comparable regulation, effective March 16, 2009, is set forth at 28 C.F.R. § 550.53.

On October 6, 2008, Reeb filed a habeas petition in the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 2241, challenging the BOP's decision to expel him from RDAP and seeking both readmission into RDAP and a twelve-month reduction in his sentence upon successful completion of the program. The Government argued in its answer to Reeb's habeas petition that the district court lacked jurisdiction to review the BOP's expulsion decision. Specifically, the Government argued that 18 U.S.C. § 3625 precludes judicial review of individualized RDAP determinations made pursuant to 18 U.S.C. § 3621. On August 31, 2009, the district court concluded that federal courts have jurisdiction to determine whether the BOP exercised its discretion to administer RDAP properly and found that Reeb's expulsion from RDAP was not an abuse of discretion. Reeb timely filed an appeal on the ground that the district court erred in its determination that a rational basis existed for his removal from RDAP. In response to Reeb's appeal, the Government reasserted its challenge to the district court's jurisdiction.

## II.   Discussion

**[1]** The APA provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, but withdraws that cause of action to the extent that the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law," *id.* § 701(a). " 'Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.' " *Sackett v. U.S. Envtl. Prot. Agency*, 622 F.3d 1139, 1143 (9th Cir. 2010) (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984)). Agency actions can be held unlawful when they are "arbitrary, capricious, an abuse of dis-

cretion, or otherwise not in accordance with law." 5 U.S.C.
§ 706(2)(A).

**[2]** Congress delegated to the BOP the duty to manage and
regulate all federal penal and correctional institutions. 18
U.S.C. § 4042(a)(1). Title 18 U.S.C. § 3621 governs impris-
onment of persons convicted of federal crimes, and provides
that the BOP "shall make available appropriate substance
abuse treatment for each prisoner the [BOP] determines has
a treatable condition of substance addiction or abuse." *Id.*
§ 3621(b). To carry out this requirement, the BOP must make
available residential substance abuse treatment for eligible
prisoners. *Id.* § 3621(e)(1). As an incentive for successful
completion of RDAP, the BOP may reduce a prisoner's sen-
tence by up to one year. *Id.* § 3621(e)(2)(B). Determining
which prisoners are eligible to participate in RDAP is within
the discretion of the BOP, *id.* § 3621(e)(5)(B), as is the deci-
sion to grant or deny eligible prisoners sentence reductions
upon    successful    completion    of    the    program,    *id.*
§ 3621(e)(2)(B).

Congress specified in 18 U.S.C. § 3625, entitled Inapplica-
bility of the Administrative Procedure Act, that "[t]he provi-
sions of sections 554 and 555 and 701 through 706 of [the
APA] do not apply to the making of any determination, deci-
sion, or order under [18 U.S.C. §§ 3621-3625]." 18 U.S.C.
§ 3625. In determining whether 18 U.S.C. § 3625 precludes
judicial review under the APA of individualized RDAP deter-
minations, we first consider the plain meaning of the statute's
text. *United States v. Nader*, 542 F.3d 713, 717 (9th Cir.
2008) (citing *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th
Cir. 2006)). When the words of a statute are unambiguous
" 'judicial inquiry is complete.' " *Conn. Nat'l Bank v. Ger-
main*, 503 U.S. 249, 254 (1992) (quoting *Rubin v. United
States*, 449 U.S. 424, 430 (1981)).

**[3]** There is no ambiguity in the meaning of 18 U.S.C.
§ 3625. The plain language of this statute specifies that the

judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

**[4]** Reeb's claim that he was wrongfully expelled from RDAP, as well as his request for reinstatement into RDAP and for a twelve-month reduction in his sentence, are matters properly left to the BOP's discretion. *See Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) ("[The BOP] has broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs."). The BOP's Administrative Remedy Program, set forth at 28 C.F.R. § 542.10-19, provides a vehicle for aggrieved inmates to challenge such discretionary BOP determinations.

**[5]** Reeb contends that because the BOP did not give him proper formal warnings prior to his expulsion, the BOP has "failed to follow the law" such that this Court has jurisdiction to review his habeas claim. The formal warnings that Reeb references are those specified in Program Statement 5330.10.[2]

---

[2] The BOP subsequently repealed Program Statement 5330.10, and has now issued new policy statements governing RDAP. These new policy statements took effect on March 16, 2009, and are not retroactive. Because Program Statement 5330.10 was in effect when Reeb was expelled from RDAP, it is the relevant program statement for this case.

A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law. Program statements are "internal agency guidelines [that] may be altered by the [BOP] at will" and that are not "subject to the rigors of the Administrative Procedure Act, including public notice and comment." *Jacks v. Crabtree*, 114 F.3d 983, 985 n.1 (9th Cir. 1997). *See also Reno v. Koray*, 515 U.S. 50, 61 (1995) (characterizing BOP program statements as simply interpretive rules); BOP Program Statement 1221.66, Chapter 2.1 (referring to BOP program statements as "policies," not rules). Our decision in *Bowen v. Hood*, 202 F.3d 1211, 1221-22 (9th Cir. 2000) (per curiam) is not to the contrary. In that case, we considered whether the BOP could retroactively apply a restriction barring armed felons from eligibility for a sentence reduction to prisoners who had already been given a determination of their eligibility for the decreased sentence. *Bowen*, 202 F.3d at 1217-18. In holding that applying this restriction retroactively would violate the prisoners' settled expectations, we reasoned that the BOP could not argue that the term *provisional* meant anything other than its defined meaning in the program statement at issue. *Id.* at 1221-22. This is not comparable with the instant situation, wherein Reeb is arguing that the BOP violated its own program statement. The BOP's purported violation of its own program statement simply is not a violation of federal law such that the district court would have jurisdiction to review Reeb's claim.[3]

---

[3]Reeb also argues that *Cozine v. Crabtree*, 15 F. Supp. 2d 997 (D. Or. 1998), is controlling and dictates that this Court has jurisdiction to review the merits of his habeas petition. Aside from the fact that *Cozine* is not binding precedent on this Court, it nonetheless is readily distinguishable because in that case "the challenged decision was not a discretionary decision . . . . The BOP erroneously interpreted a statute, concluding that [the petitioner's prison] terms ran consecutively rather than concurrently, and fixed the duration of his imprisonment accordingly." *Cozine*, 15 F. Supp. 2d at 1015 (citation omitted). Conversely, here, Reeb filed a habeas petition to challenge the BOP's discretionary decision to expel him from the RDAP program.

Facing uncertain law, and without the benefit of this Court's ruling, the district court concluded that jurisdiction existed to review Reeb's habeas petition. Specifically, the district court found that although 18 U.S.C. § 3625 states that the judicial review provisions of the APA do not apply to determinations made pursuant to 18 U.S.C. § 3621, there was nonetheless jurisdiction to review Reeb's claim under the 5 U.S.C. § 706(2)(A) abuse of discretion standard. The district court cited *SEC v. Sloan*, 436 U.S. 103 (1978) to support this conclusion, but *Sloan* stands for the proposition that there is judicial review for a claim that an agency exceeded its statutory authority. *Sloan*, 436 U.S. at 118-19. Reeb's habeas petition does not involve such a claim, but rather only challenges the BOP's decision to expel him from RDAP. The Supreme Court's ruling in *Sloan* simply does not apply to the facts here.

**[6]** Accordingly, we hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such as Reeb's claim herein. Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution,[4] or exceeds its

---

[4]To the extent that Reeb alleges equal protection and due process violations, these claims must necessarily fail. As to the equal protection violation, Reeb does not present any facts demonstrating that he was treated differently from others who were similarly situated to him. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) (finding that an equal protection violation requires the petitioner to show that similarly situated people are being treated differently). Reeb also cannot prevail on his due process claim because inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights); *Jacks*, 114 F.3d at 986 n.4 (finding that 18 U.S.C. § 3621(e)(2)(B) does not create a due process liberty interest in a one-year sentence reduction).

statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case.[5] Because the district court lacked jurisdiction to adjudicate the merits of Reeb's habeas petition, we vacate its judgment and remand with instructions to dismiss for lack of jurisdiction.

**VACATED and REMANDED.**

---

[5]Myriad cases examine the validity of BOP regulations and determinations. *See, e.g.*, *Lopez v. Davis*, 531 U.S. 230, 232-33 (2001) (holding that the BOP had authority under 18 U.S.C. § 3621 to pass a regulation categorically denying early release to prisoners whose current offense involved possession, carrying, or use of a firearm); *Mora-Meraz v. Thomas*, 601 F.3d 933, 935 (9th Cir. 2010) (determining that the BOP's "unwritten requirement" that prisoners must present documented evidence of substance abuse within twelve months of admission into RDAP was valid under the APA); *Crickon v. Thomas*, 579 F.3d 978, 988-89 (9th Cir. 2009) (finding invalid under the APA the BOP's regulation categorically excluding prisoners with certain prior convictions from early release eligibility); *Arrington v. Daniels*, 516 F.3d 1106, 1116 (9th Cir. 2008) (concluding that the BOP's exclusion from early release eligibility inmates who were convicted of offenses involving possession, use, or carrying of a firearm was invalid under the APA); *McLean*, 173 F.3d at 1184-86 (reviewing the petitioners' equal protection and due process claims after determining that the BOP regulations at issue were a valid exercise of the BOP's statutory authority).