**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOLLY KOLIOPOULOS,

              Petitioner - Appellant,

  v.

PAUL COPENHAVER and HARLEY
LAPPIN,

           Respondents - Appellees.

No. 10-17414

D.C. No. 3:09-cv-04276-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Holly Koliopoulos appeals pro se from the judgment of the district court

denying her 28 U.S.C. § 2241 habeas petition. We affirm in part, dismiss in part,

and deny in part.

    Koliopoulos contends that the Bureau of Prison's ("BOP's") policy of

considering inmates for pre-release to a Residential Reentry Center ("RRC") 17 to

19 months before their projected release dates denies inmates participating in a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Residential Drug Abuse Program ("RDAP") the opportunity to receive the full twelve-month RRC placement permitted by 18 U.S.C. § 3624(c). We do not consider this contention because there is no federal jurisdiction over the claim, *see Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011) (no habeas jurisdiction over challenges to exercise of BOP discretion under 18 U.S.C. §§ 3621-24); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (no constitutional jurisdiction absent injury that is actual or imminent, not merely hypothetical), and, furthermore, we do not ordinarily consider on appeal claims not raised in an inmate's habeas petition, *see Moor v. Palmer*, 603 F.3d 658, 660 (9th Cir. 2010).

In her brief and in a separate request filed on February 15, 2011, Koliopoulos also asks us to issue an order compelling the BOP to enroll her in RDAP before May 2012. We lack jurisdiction to issue such an order, *see Reeb*, 636 F.3d at 1228, and, accordingly, deny the request.

Koliopoulos has not argued in her appeal the merits of the claims raised in her habeas petition. Ordinarily, issues not argued in the opening brief are deemed forfeited. *See Koerner v. Grigas*, 328 F.3d 1039, 1048-49 (9th Cir. 2003). In any case, we have reviewed the record and find no error in the district court's denial of her petition. *See Sacora v. Thomas*, 628 F.3d 1059 (9th Cir. 2010).

**DISMISSED in part; DENIED in part; AFFIRMED in part.**