**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN BONNEAU, | No. 12-35303 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00801-BR |
| v. | |
| J. E. THOMAS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 16, 2013[**]

Before:      CANBY, IKUTA, and WATFORD, Circuit Judges.

Federal prisoner Ryan Bonneau appeals pro se from the district court's

judgment granting in part and denying in part his 28 U.S.C. § 2241 habeas petition.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

denial of a 28 U.S.C. § 2241 habeas corpus petition, *see Mora-Meraz v. Thomas*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

601 F.3d 933, 939 (9th Cir. 2010), and we affirm.

Bonneau's section 2241 petition challenged two prison disciplinary proceedings and alleged that the Bureau of Prisons ("BOP") violated his due process rights by removing him from the Residential Drug Abuse Treatment Program ("RDAP"). The district court concluded that Bonneau's due process rights were violated in one of the disciplinary proceedings and ordered the incident report expunged and the sanctions resulting from that hearing reversed. The district court further concluded that it lacked jurisdiction to review Bonneau's claim requesting reinstatement into RDAP.

On appeal, Bonneau contends that the district court could have considered his RDAP claim insofar as he was requesting reinstatement into RDAP or reevaluation for RDAP placement as part of the remedy for the constitutional violation that occurred in his disciplinary proceeding. The district court correctly determined that it lacked jurisdiction to review the BOP's individualized determination made pursuant to 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011). Furthermore, even assuming the district court could have ordered the remedy Bonneau seeks, it did not abuse its broad discretion in fashioning habeas relief in this case. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**AFFIRMED.**

12-35303