**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN VALDEZ, | No. 11-15167 |
| Petitioner - Appellant, | D.C. No. 1:10-cv-00772-OWW |
| v. | |
| NEIL H. ADLER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Federal prisoner Juan Valdez appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition challenging his prison

disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal of a 28 U.S.C. § 2241 habeas corpus

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

petition, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), and we affirm.

Valdez contends that he was not provided with notice of the charges within 24 hours of when staff became aware of the incident. The regulations then in effect, however, only stated that the prisoner should "ordinarily" be notified within 24 hours. *See* 28 C.F.R. § 541.15(a) (2010). The time frame was not mandatory. Moreover, in accordance with due process, Valdez received written notice at least 24 hours before the disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).

Valdez also contends that it was a violation of due process to charge him with two offenses arising out of the same incident, in violation of Chapter 4 of Program Statement 5270.08. Valdez further contends that the Unit Disciplinary Committee ("UDC") members were not properly certified to hold a disciplinary hearing as required by Chapter 6 of Program Statement 5270.07. As to both of these claims, no relief is available because a violation of a program statement is not a grounds for relief under section 2241. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

Finally, Valdez contends on appeal that the UDC members were not "staff" entitled to impose discipline in accordance with 28 C.F.R. §§ 500.1(b),

541.10(b)(1). Because this contention was not raised in Valdez's petition before the district court, we decline to consider it on appeal. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.").

**AFFIRMED.**

11-15167