**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL VELASQUEZ,

        Petitioner - Appellant,

  v.

MICHAEL BENOV, Warden,

        Respondent - Appellee.

No. 12-15897

D.C. No. 1:10-cv-01593-AWI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    Federal prisoner Daniel Velasquez appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a 28

U.S.C. § 2241 habeas corpus petition, *see Alaimalo v. United States*, 645 F.3d

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1042, 1047 (9th Cir. 2011), and we affirm.

Velasquez contends that Prohibited Act Code 397, prohibiting use of the telephone for abuses other than criminal activity, is impermissibly vague. The district court properly rejected this claim because Code 397 provides fair notice of what conduct is prohibited by including a non-exhaustive list of proscribed acts. *See* 28 C.F.R. § 541.13 (Table 3) (2009); *Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996).

Velasquez also contends that the members of the Unit Disciplinary Committee ("UDC") were not properly certified to hold a disciplinary hearing as required by the Bureau of Prisons' ("BOP") Policy Statement 5270.07. This contention fails because "[a] habeas claim cannot be sustained based solely on the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). To the extent Velasquez challenges the qualifications of the UDC members and the Disciplinary Hearing Officer on other grounds, those grounds were not raised in his section 2241 petition and we decline to address them for the first time on appeal. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.").

Velasquez also contends that the investigating officer violated 28 C.F.R. § 541.2(a) (2008), when he also filed the incident report. Any violation was harmless as Velasquez admitted the conduct giving rise to the violation. Thus, "some evidence" supported the conclusion. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

**AFFIRMED.**