**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMR MOHSEN,

           Petitioner - Appellant,

   v.

CONRAD M. GRABER,

           Respondent - Appellee.

No. 13-15326

D.C. No. 4:11-cv-00566-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Federal prisoner Amr Mohsen appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas corpus petition challenging his

placement and classification by the Bureau of Prisons ("BOP"). We have

jurisdiction under 28 U.S.C. § 1291. We review the denial of a section 2241

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm in part, vacate in part, and remand with instructions.

Mohsen contends that the BOP unlawfully denied his request for reclassification of his offense severity category from "high" to "moderate" under 18 U.S.C. § 4081. In light of the nature of Mohsen's offense and other relevant statutory factors, we reject this contention.

We decline to reach Mohsen's contention that the BOP's denial of his request for immediate placement in a Residential Reentry Center ("RRC") violated the First Amendment. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (this court does not ordinarily consider matters on appeal that are not argued in appellant's opening brief).

Mohsen also contends that the BOP unlawfully denied his request for RRC placement because it failed to give his request individualized consideration under the five factors listed in 18 U.S.C. § 3621(b). Under *Reeb v. Thomas,* 636 F.3d 1224, 1227-29 (9th Cir. 2011), the district court lacked jurisdiction to adjudicate the merits of this claim. Accordingly, we vacate that portion of the district court's order and remand with instructions to dismiss this claim for lack of jurisdiction.

**AFFIRMED in part, VACATED in part, and REMANDED with instructions.**

13-15326