**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2755
_____

GEORGE SEPULVEDA,
                                             Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1-14-cv-00135)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 10, 2016

Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: April 1, 2016)

_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant George Sepulveda appeals an order of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

Sepulveda is currently confined at the United States Penitentiary, Canaan, in Waymart, Pennsylvania. He is serving a life sentence after his convictions in 1997 in the United States District Court for the District of Rhode Island of various RICO-related offenses, including racketeering, in violation of 18 U.S.C. § 1962(c), a violent crime (murder) in aid of racketeering activity, in violation of 18 U.S.C. § 1959, and witness intimidation, in violation of 18 U.S.C. § 1512(b). See United States v. Lara, 181 F.3d 183, 190 (1st Cir. 1999). In January 2014, Sepulveda filed a § 2241 petition challenging an institutional disciplinary proceeding during which he was found guilty of violations of "Use of mail for an illegal purpose or to commit or further a Greatest category prohibited act." This violation resulted from Sepulveda having caused outgoing packages to be mailed to various third parties – namely the judicial officers, prosecutor, and court officials who participated in his criminal case – in an effort to lodge liens using fraudulent Uniform Commercial Code ("UCC") documents totaling more than $7,000,000,000 against them. Disciplinary Hearing Officer ("DHO") Renda sanctioned Sepulveda to the following: the loss of forty days of good conduct time ("GCT"); 360 days of disciplinary segregation; a twelve month impounding of personal property; a ten year loss of commissary, use of the inmates' electronic mail system, and visiting privileges; and a six month loss of recreational privileges.

After exhausting administrative remedies, Sepulveda filed a § 2241 petition wherein he argued that his procedural due process rights were violated, there was insufficient evidence to support the DHO's finding, and the sanctions imposed were constitutionally excessive. The case was referred to a Magistrate Judge ("MJ") who recommended that Sepulveda's petition be denied on the merits. The MJ found that Sepulveda was afforded the full panoply of procedural protections during his disciplinary hearing, that there was sufficient evidence to support the DHO's finding of misconduct, and that the sanctions imposed were commensurate with his misconduct.

The MJ noted in his Report and Recommendation ("R&R") that the Bureau of Prison's ("BOP") has adopted specific guidelines for inmate discipline procedures set forth at 28 C.F.R. §§ 541.5-.8, that are designed to meet the due process requirements established by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). The MJ found that Sepulveda received advanced, written notice of the disciplinary charges against him. See Resp't's Resp., Ex. 1 at 3, 8. He was also notified of his right to have staff assistance, to request witnesses, and to present documentary evidence. He either exercised those rights or expressly waived them. Id. at 4-5, 9, 34, 37. Thus, the MJ concluded that Sepulveda was afforded his procedural due process rights.

With respect to Sepulveda's contention that he was unable to call correctional staff member Officer Cali as a witness, the MJ determined that Sepulveda suffered no prejudice as the DHO had available in the materials before him the substance of what Officer Cali could have testified to at the hearing. See id. at 6-7, 37. The MJ further

3

found that Sepulveda was provided with a written statement by the fact-finder of the evidence relied upon, reasons for the disciplinary action taken, and notice of his appellate rights. Id. at 38-41. Insofar as the MJ determined that Sepulveda's complaints regarding the procedural fairness of the DHO proceeding amounted to little more than a "generalized critique" of staff impartiality, he concluded that they were "insufficient to demonstrate the degree of bias necessary to prove a due process violation." See R&R at 17.

Sepulveda's substantive challenge to the outcome of the DHO hearing fared no better. The MJ noted that the DHO was presented with "the essentially undisputed fact that Sepulveda had set in motion a series of events which led to the submission of more than $7,000,000,000 in bogus liens against court officers and the prosecutor who had been involved in his underlying case." Id. at 18-19. The MJ determined that the DHO "justifiably discounted" Sepulveda's claim that he believed his conduct was lawful. In fact, the MJ found that his claim "strains credulity" and was properly rejected. Id. at 19. Given the deference afforded the DHO's findings, the MJ concluded that there was some evidence to support the decision as required by Superintendent v. Hill, 472 U.S. 445, 457 (1985).

Finally, the MJ rejected Sepulveda's contention that the sanctions imposed were unconstitutionally excessive. While recognizing that the sanctions were indeed severe, the MJ concluded that Sepulveda's background and the factual context of his misconduct justified the strict penalties. The MJ further pointed out that the sanctions imposed fell

4

within the range of penalties authorized for prison infractions of the Greatest Severity, like the one committed by Sepulveda for a violation of Code 196. See 28 C.F.R. § 541.3, Table 1. The MJ thus recommended that Sepulveda's § 2241 petition be denied.

Over Sepulveda's objections, the District Court adopted the MJ's R&R and denied the § 2241 petition. The District Court took note of Sepulveda's contention that he was exercising his right to free speech and did not know that what he did was unlawful. However, the District Court specifically concurred with the MJ's conclusion that "Sepulveda's claims that he lacked any malicious intent strains credulity." See Dist. Ct. Order at 3-4 (quoting MJ's R&R at 19). The District Court rejected Sepulveda's claims that he did not receive the incident report within twenty-four hours of it being filed and was not timely provided with a copy of the DHO report. The court noted that the former contention did not constitute a violation of a due process requirement, the record established Sepulveda was provided copies of the DHO report on February 7, 2012, and March 2, 2012, and Sepulveda nonetheless failed to show prejudice insofar as he was permitted to exhaust his administrative remedies. Finally, the District Court rejected Sepulveda's challenge to the sanctions imposed as they were within the range of permissible sanctions for the violation of which he had been found guilty. See Dist. Ct. Order at 4. Sepulveda timely appealed.

5

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.[1] Sepulveda's procedural due process challenge to the disciplinary hearing is properly brought under § 2241 because it entailed the loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 645-46 (1997). In reviewing the denial of a § 2241 petition, "[w]e exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). After carefully considering the record and for substantially the reasons set forth in the MJ's R&R and the District Court's order, we agree with the court's decision to deny Sepulveda's habeas petition on the merits.

The due process rights of an inmate facing loss of GCT are limited to: 1) an impartial decision-making body; 2) twenty-four hour advance notice of the charges; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance from a representative; and 5) a written decision explaining the evidence relied upon. See Wolff, 418 U.S. at 563-71. As the District Court correctly concluded, the record reflects that Sepulveda was afforded these rights. Sepulveda was given written notice of his charges on December 30, 2011. See Resp't's Resp., Ex. 1 at 3. He appeared before the Unit Disciplinary Committee on January 3, 2012, where he provided a written statement. He was advised of his rights and given notice of his hearing before the DHO at that time.

_____

[1] Sepulveda does not need a certificate of appealability because he is a federal prisoner proceeding under 28 U.S.C. § 2241. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

6

See id. at 8.  His hearing was held on January 5, 2012, over twenty-four hours later.  He waived staff representation for his hearing, and does not sufficiently dispute the impartiality of DHO Renda who presided over his hearing.  Sepulveda offers no support for his contention that a DHO's union membership equates to "complete bias," see Obj. to R&R at 10, and we are not aware of any. [2]  See. e.g., Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).  Finally, Sepulveda was given a written decision with the reasons for his disciplinary action.

Those reasons clearly meet the evidentiary standard required.  See Hill, 472 U.S. at 454-56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board").  This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence.  See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989).  The DHO supported his decision that the greater weight of the evidence supported the finding that Sepulveda violated Code 196 with several pieces of evidence, including, inter alia, the allegations in the incident report, the investigative findings, and Sepulveda's written statement, as well

---

[2]  Additionally, Sepulveda's complaint that Officer Cali was the reporting officer and also involved in the investigation in violation of BOP policy does not amount to a constitutional violation.  A habeas claim under § 2241 cannot be sustained based solely on the BOP's alleged violation of its own Program Statements inasmuch as the Program Statements are not mandated by statute or the Constitution, and there has been no showing of prejudice.  See, e.g., Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011).

as his admission to creating and composing the UCC documents.  <u>See</u> Resp't's Resp., Ex. 1 at 35, 38-40.  The District Court's findings of fact regarding the sufficiency of the evidence the DHO used to support his conclusion are not "clearly erroneous," and we find no flaws in the District Court's application of the law with regard to this claim. We thus agree with the District Court that there was "some evidence" of Sepulveda's violation of BOP Code 196, and therefore no violation of his due process rights.[3]

Accordingly, because the appeal presents no substantial question, we will summarily affirm the District Court's judgment.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[3]  Sepulveda faults the District Court for not considering his objections to the MJ's failure to take into account his arguments regarding the BOP's failure to provide notice regarding the prohibited acts covered by the Mail Abuse - Code 296.  <u>See</u> Obj. at 4-6. We are at a loss to understand Sepulveda's argument, however, as he was charged under and found to have violated Code 196 – "Use of mail for an illegal purpose or to commit or further a Greatest category prohibited act."