NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GORDON C. REID,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>J. T. SHARTLE, Warden,<br><br>               Respondent-Appellee. | No.   17-17138<br><br>D.C. No. 4:15-cv-00083-BPV<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding[**]

Submitted November 27, 2018[***]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Federal prisoner Gordon C. Reid appeals pro se from the district court's

judgment granting in part and denying in part his 28 U.S.C. § 2241 habeas corpus

petition. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The parties consented to proceed before a magistrate judge.

     [***]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

section 2241 petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Reid challenges the findings of the disciplinary hearing officer ("DHO") in eight separate disciplinary proceedings and contends that those proceedings violated his procedural due process rights. The record reflects that each of the eight disciplinary proceedings comported with procedural due process requirements and "some evidence" supports the DHO's findings in each proceeding. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell,* 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings and recognizing that prison officials have discretion to keep a hearing within reasonable limits). To the extent that Reid argues the Bureau of Prisons violated its own program statements, habeas claims cannot be sustained solely on that basis. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Additionally, we do not consider arguments that Reid raises for the first time on appeal or for the first time in his reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Reid's motions for judicial notice are denied as unnecessary. All other pending motions are denied.

**AFFIRMED.**

17-17138