**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL FIORITO, | No.  19-55491 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-02158-JFW-KES |
| v. | |
| CYNTHIA ENTZEL, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 20, 2021[**]

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Federal prisoner Michael Fiorito appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see Alaimalo v. United States,* 645 F.3d 1042, 1047 (9th Cir. 2011), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fiorito contends that the Bureau of Prisons ("BOP") violated his right to due process by designating him a violent offender and increasing his custody score, which resulted in his classification as a medium-security inmate. This contention is not cognizable in a habeas petition. This court has already determined that Fiorito's transfer from a low-security to a medium-security prison did not subject him to greater restrictions of his liberty sufficient to invoke habeas jurisdiction. *See Fiorito v. Entzel*, 829 F. App'x 192 (9th Cir. 2020) (citing *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)). None of Fiorito's allegations in these proceedings supports a different conclusion.

Fiorito's allegation that the BOP violated the "*Accardi* doctrine" fares no better. Insofar as Fiorito argues that the BOP failed to follow its program statements, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). To the extent Fiorito alleges violations of federal law independent of the BOP's alleged non-compliance with its program statements, his allegations are not supported by the record.

We do not reach Fiorito's assertion that the First Step Act imposes due process requirements on the BOP because he did not develop this argument. *See United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006).

Finally, the district court did not err by denying Fiorito's motions to strike the government's answer and for summary judgment.

**AFFIRMED.**