**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TYLER MAXWELL TENNIGKEIT,

Plaintiff - Appellant,

v.

TAYLOR, Warden, FCI Mendota,

Defendant - Appellee.

No. 24-6322

D.C. No. 1:24-cv-01057-JLT-SKO

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 18, 2025**

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Federal prisoner Tyler Maxwell Tennigkeit appeals pro se from the district court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tennigkeit contends that the Bureau of Prisons ("BOP") is improperly withholding application of credits he has earned under the First Step Act ("FSA") based on his risk of recidivism. He argues that the BOP's denial of FSA credits to prisoners with medium and high recidivism risk is "an abuse of administrative agency discretion" under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and that the BOP wrongly assessed his recidivism risk level. These claims are unavailing. *Loper Bright* is not implicated because the FSA itself requires that individuals must have a low risk of recidivism for the earned time credits to be applied. *See* 18 U.S.C. § 3624(g)(1)(D). In addition, as the district court concluded, Tennigkeit's challenge to the BOP's assessment of his recidivism risk level is not reviewable in a § 2241 habeas petition. *See Reeb v. Thomas*, 636 F.3d 1224, 1226-28 (9th Cir. 2011); *see also* 18 U.S.C. § 3625. Finally, the record belies Tennigkeit's argument that the district court failed to fully consider his arguments.

We do not consider Tennigkeit's remaining arguments, which were raised for the first time on appeal. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (habeas claims that are not properly raised before the district court are not cognizable on appeal).

**AFFIRMED.**