NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE ALONZO PROCTOR,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>WARDEN, FCI Mendota,<br><br>               Respondent - Appellee. | No. 24-7137<br><br>D.C. No.<br>1:24-cv-01058-JLT-EPG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 18, 2025[**]

Before: SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Dwayne Alonzo Proctor appeals pro se from the district court's order

dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241

challenging his prison disciplinary proceedings. We have jurisdiction under 28

U.S.C § 1291. Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2018), we affirm.

Proctor contends that his procedural due process rights were violated by the failure of the Bureau of Prisons ("BOP") to provide him with the Disciplinary Hearing Officer's report within the timeframe specified by a BOP program statement. However, as the district court correctly concluded, the alleged failure to comply with a deadline imposed by a BOP program statement is not a cognizable claim for § 2241 habeas relief. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."). Moreover, the record does not support Proctor's assertion that delayed receipt of the report violated his procedural due process rights under *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

We do not address Proctor's remaining contentions, which were raised for the first time on appeal. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (habeas claims that are not properly raised before the district court are not cognizable on appeal).

**AFFIRMED.**