NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN PLAZA-UZETA, AKA Ruben Franco-Plaza,<br><br>             Petitioner - Appellant,<br><br>  v.<br><br>TAYLOR, FCI Mendota Warden,<br><br>             Respondent - Appellee. | No. 24-6902<br><br>D.C. No.<br>1:23-cv-01773-HBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Helena M. Barch-Kuchta, Magistrate Judge, Presiding

Submitted April 30, 2026[**]

Before:  N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

Ruben Plaza-Uzeta appeals pro se from the denial of his 28 U.S.C. § 2241

habeas corpus petition.  We have jurisdiction under 28 U.S.C. § 2253(a).  We

review the denial of the habeas petition de novo.  *Schleining v. Thomas*, 642 F.3d

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1242, 1246 (9th Cir. 2011). We affirm.

In 2007, Plaza-Uzeta was sentenced to a life sentence, commencing on March 6, 2007. We affirmed the sentence. During his time in prison, in 2010, 2015, and 2021, Plaza-Uzeta was found guilty of possession of a dangerous weapon.[1] A disciplinary hearing officer ("DHO") sanctioned Plaza-Uzeta for the 2010 and 2021 violations, which reduced his potential good conduct time credits ("GCT") by 81 days.

In 2022, Plaza-Uzeta was resentenced from life imprisonment to 360 months with credit for time served. Thereafter, the Bureau of Prison (BOP) conducted an audit of Plaza-Uzeta's sentence. Because the district court amended its original judgment, the BOP commenced Plaza-Uzeta's amended sentence on March 6, 2007, the commencement date of the original sentencing. That BOP decision is consistent with the BOP's internal Sentence Computation Manual, Program Statement 5880.28. *See* Sentence Computation Manual, 48 (July 20, 1999) http://www.bop.gov/policy/progstat/5880_028.pdf ("If an SRA term is vacated solely for the purposes of a resentencing, then the date the sentence begins will be the same as the original computation."). The BOP also provided Plaza-Uzeta credit for all the time previously spent in custody and GCT for each year he served from 2007 through 2022, minus the 81 days for the 2010 and 2021 sanctions.

---

[1] Plaza-Uzeta does not dispute that he was found guilty of these charges.

1.     To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  *See, e.g.*, *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Plaza-Uzeta argues that the BOP improperly calculated his GCT, because the DHO lacked authority to impose a sanction of loss of GCT when he was serving a life sentence.  Plaza-Uzeta argues that because prisoners sentenced to life are statutorily ineligible to earn GCT, they cannot be sanctioned with a loss of GCT.  *See* 18 U.S.C. § 3624(b)(1).  Plaza-Uzeta's arguments lack merit.

First, Plaza-Uzeta cannot prevail on a habeas claim challenging the DHO's authority to issue sanctions pursuant to BOP's program statement.[2]  A "habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."  *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

Second, the BOP appropriately recalculated Plaza-Uzeta's release date after his sentence was reduced as if the new sentence had commenced on the same date as the original sentence.  Under 18 U.S.C. § 3585, the Attorney General, through

---

[2] Plaza-Uzeta does not argue the BOP Program Statement 5270.09, *Inmate Discipline Program*, codified at 28 C.F.R. §§ 541.1–541.8, was in violation of any federal law.

the BOP, is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992). In making this calculation, the Agency determines when the prisoner's sentence commences and whether any credits should be applied to that sentence. *See* 18 U.S.C. §§ 3585(a) and 3624(b).

After determining that Plaza-Uzeta's amended sentence began to run on the date of original sentencing, the BOP applied 18 U.S.C. § 3624(b)(1), which outlines a prisoner's ability to earn credit toward the service of his sentence for satisfactory behavior. Applying § 3624(b)(1), the BOP awarded Plaza-Uzeta GCT credits for each year he spent in prison since 2007, totaling 837 days. The BOP then disallowed 81 days of GCT because of the disciplinary sanctions imposed. That is a straightforward, fair, and logical application of § 3624(b)(1), squaring with the Program Statement. A finding that the BOP could credit GCT earned during a former life sentence but not reduce Plaza-Uzeta's GCT based on his failure to comply with BOP disciplinary regulations (simply because he was then serving a life sentence) would fail to reflect "the most natural reading of the statutory language and the most consistent with its purpose." *Barber v. Thomas*, 560 U.S. 474, 492 (2010). Plaza-Uzeta has not identified, and we are not aware of any precedent, statutes, or regulations that would suggest that the BOP acted improperly here.

2.     To the extent that Plaza-Uzeta argues that the BOP's calculation of his

release date violated the Due Process Clause of the Constitution, we will not hear an issue raised for the first time on appeal, although we have the power to do so. *Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985). Given that (a) Plaza-Uzeta's due process claim refashions the same arguments made in his claim that DHO lacked the authority to disallow GCT, and (b) our determination that the BOP properly calculated Plaza-Uzeta's sentence, we do not perceive an exceptional situation warranting review. *See id.*; *United States v. Greger*, 716 F.2d 1275, 1277 (9th Cir. 1983).

**AFFIRMED.**