NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLAFIRO GONZALEZ,

Defendant - Appellant.

No. 25-5182

D.C. No.
1:03-cr-05165-JLT-6

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Glafiro Gonzalez appeals pro se from the district court's order denying his

third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez argued he was entitled to compassionate release because (1) he is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

serving an "unusually long sentence" after a change in law lowered the applicable mandatory minimum, and (2) the Bureau of Prisons ("BOP") unfairly refused to retroactively designate the state prison as a place to serve his federal sentence, which made his federal sentence longer. The district court did not abuse its discretion in concluding that neither of these circumstances was extraordinary and compelling. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The district court previously rejected Gonzalez's argument that a change in sentencing law justified compassionate release, and it did not abuse its discretion in concluding that the enactment of U.S.S.G. § 1B1.13(b)(6) did not alter the analysis. As the court explained, Gonzalez failed to demonstrate the "gross disparity" in his sentence necessary to satisfy § 1B1.13(b)(6). Moreover, the court did not abuse its discretion in concluding that the BOP's decision as to his place of confinement, which is committed to the BOP's discretion under 18 U.S.C. § 3621(b), *see Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011), was not a basis for compassionate release.

We do not reach the issues Gonzalez raises for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Gonzalez's pending motions are denied.

**AFFIRMED.**