**CLD-191**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1617
_____

CRAIG SCOTT,
                                        Appellant

v.

WARDEN EBBERT ;
ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:11-cv-00757)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6, on Request for Certificate of Appealability Pursuant to 28 U.S.C. §
2253(c)(2), and for Possible Dismissal due to a Jurisdictional Defect
May 31, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 13, 2012)
_____

OPINION
_____

PER CURIAM

    Appellant Craig Scott, proceeding pro se, appeals a February 6, 2012 order of the

United States District Court for the Middle District of Pennsylvania denying his motion

for reconsideration.  He has requested that we grant him a certificate of appealability (COA).  For the following reasons, we will summarily affirm the order of the District Court.

An inmate of the Federal Bureau of Prisons (BOP), Scott is serving a lengthy term of incarceration stemming from his involvement in several bank robberies.  See, e.g., United States v. Scott, Nos. 96-4372–73, 1999 U.S. App. LEXIS 32479 (4th Cir. Dec. 13, 1999); United States v. Decator, Nos. 95-5207–08, 1997 U.S. App. LEXIS 34600 (4th Cir. Dec. 11, 1997).  In 2011, he petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, "seeking judicial review of BOP's interpretation of 18 U.S.C. § 3585" in calculating his sentence.  Scott averred that the BOP's sentence computation was not "consistent with statute and case law."  The Magistrate Judge recommended denying the petition, and the Report and Recommendation was adopted by the District Court over Scott's objections.  See generally Scott v. Holder, No. 1:11-CV-0757, 2011 U.S. Dist. LEXIS 75488 (M.D. Pa. July 13, 2011).

Scott filed several unsuccessful post-judgment motions, only one of which is relevant to the present appeal.  In January 2012, he moved for "reconsideration under Rule 60(b),"[1] arguing that the District Court had failed to consider a legal theory

---

[1] Elsewhere, he described the motion as one requesting "amend[ment]," which is relief available under Rule 59, not Rule 60.  See Blystone v. Horn, 664 F.3d 397, 413–15 (3d Cir. 2011) (discussing, in context of habeas corpus, the distinction between Rules 59 and 60); see also Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008) (reconfiguring untimely filed Rule 59 motion as timely filed Rule 60 motion).  While we discuss Scott's motion in the context of Rule 59, we apply the same standard of review to Rule 60(b)

2

proposed in his original habeas corpus petition. He urged the District Court to "reconsider its July 13, 2011 decision . . . due to its failure to consider a dispositive fact and legal precepts presented to it during proceedings." Scott contended that failure to do so would allow the BOP to violate his "rights against cruel and unusual punishment, double jeopardy and due process." In a February 6, 2012 order, the District Court set out the lengthy procedural history of the case thus far; finding that Scott had not "convinced this court to alter the order of July 13 . . . by any of his arguments," it denied the motion. Scott appealed.

We have jurisdiction under 28 U.S.C. § 1291, but our review is limited to the District Court's February 6 order; Scott's notice of appeal was not filed within sixty days of the entry of any other order, see Fed. R. App. P. 4(a)(1)(B), and his January 2012 motion did not toll the time to take an appeal, see Fed. R. App. P. 4(a)(4)(A) (tolling time to file an appeal for *timely filed* motions); Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010).[2] Accordingly, we review the District Court's order for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

The District Court correctly denied Scott's motion. "A proper Rule 59(e) motion .

_____

motions, see Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008), as well as using the same twenty-eight day standard to determine appellate-tolling timeliness, see Fed. R. App. P. 4(a)(4)(A)(vi). In other words, our analysis of Scott's motion would be exactly the same under either standard.

[2] While Scott's motion was indeed untimely filed, the District Court denied it on the merits and the Government (understandably) did not object on timeliness grounds. Our review is therefore also of its merits. See Lizardo, 619 F.3d at 278.

. . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. (citations omitted). Scott has not pointed to a "clear error of law" of the sort that would compel reconsideration; with regard to his 18 U.S.C. § 4001(a) argument, Scott cites to no law supporting his interpretation of the statute, and fails to demonstrate that the District Court overlooked a meritorious argument in adjudicating his habeas petition. Because he has not shown that the District Court's ruling was "founded on an error of law or a misapplication of law to the facts," Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 154 (3d Cir. 1999), he has failed to make a convincing case that the District Court abused its discretion.

Thus, because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Scott's motion requesting a certificate of appealability is denied as unnecessary; his motion requesting remand is denied as well. See United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc) (certificates of appealability not required in appeals of § 2241 proceedings); see also Close v. Thomas, 653 F.3d 970, 974 n.2 (9th Cir. 2011); Curtis v. Chester, 626 F.3d 540, 543 n.1 (10th Cir. 2010).