FILED

AUG 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ROY JOHNSON, | No. 11-17321 |
| Petitioner - Appellant, | D.C. No. 1:10-cv-01164-SMS |
| v. | |
| CLAY, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted February 6, 2013**

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Michael Roy Johnson appeals pro se from the district court's denial of his 28

U.S.C. § 2241 habeas petition challenging the United States Parole Commission's

("USPC") repeated denial of parole.

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because Johnson is challenging a detention arising out of "process issued by a State court," this appeal requires a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Madley v. United States Parole Commission*, 278 F.3d 1306, 1310 (D.C. Cir. 2002) (the Superior Court of the District of Columbia qualifies as a state court under 28 U.S.C. § 2253(c)(1)(A)); *Hayward v. Marshall*, 603 F.3d 546, 552-54 (9th Cir. 2010) (*en banc*) (*overruled on other grounds by Swarthout v. Cooke*, 131 S. Ct. 859 (2011)) (habeas challenge to parole decision requires a COA when underlying conviction and sentence issued from a state court). We grant a COA. Reviewing de novo, *Close v. Thomas*, 653 F.3d 970, 973 (9th Cir. 2011), we affirm.

Johnson contends that the USPC's application of amended parole guidelines at his 2000, 2005, and 2008 parole hearings violated the Ex Post Facto Clause. However, any ex post facto violation that arose out of the USPC's application of the amended guidelines has been cured by the USPC's decision to apply the 1987 guidelines at Johnson's 2010 parole hearing and at future hearings. *See* 28 C.F.R. § 2.80(o); *Weaver v. Maass*, 53 F.3d 956, 959-60 (9th Cir. 1995).

Johnson's due process claims fail because the D.C. parole regulations do not give rise to a protected liberty interest. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011); *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996).

2                                                                    11-17321

Moreover, the USPC did not act arbitrarily in denying parole to Johnson. *See Benny v. United States Parole Commission*, 295 F.3d 977, 981-82 (9th Cir. 2002).

The district court did not abuse its discretion in failing to rule on Johnson's motion to amend because amendment would have been futile. *See Plumeau v. School Dist. No. 40 County of Yamhill*, 130 F.3d 432, 439 & n.5 (9th Cir. 1997).

Johnson's motion to strike is denied.

**AFFIRMED.**