**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINIFRED JIAU, | No. 13-15378 |
| Petitioner - Appellant, | |
| v. | D.C. No. 3:12-cv-04193-SI |
| KAIRE POOLE, PsyD and RANDY L. TEWS, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

| | |
|---|---|
| WINIFRED JIAU, | No. 13-15489 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:13-cv-00248-WHA |
| KAIRE POOLE; RANDY L. TEWS, Warden, | |
| Defendants- Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding
William Alsup, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted December 8, 2014
San Francisco, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and NAVARRO, Chief District Judge.[**]

Petitioner Winifred Jiau appeals the *sua sponte* dismissals of her two cases by the district court. Jiau's 28 U.S.C. § 2241 habeas petition and her action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), both allege constitutional violations in connection with her expulsion from the Residential Drug Abuse Treatment Program ("RDAP"). Therefore, these cases were consolidated on appeal. We review de novo. *Close v. Thomas*, 653 F.3d 970, 973 (9th Cir. 2011); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). We affirm the dismissal of Jiau's habeas petition and vacate and remand the dismissal of her *Bivens* action.

The district court *sua sponte* dismissed Jiau's habeas petition without prejudice citing her failure to exhaust her administrative remedies prior to filing her action. Though exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions, courts generally "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies

---

[**] The Honorable Gloria M. Navarro, Chief District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

before seeking [such] relief." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Accordingly, because Jiau had failed to exhaust her administrative remedies at the time she filed her petition, the district court correctly dismissed her habeas action. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).

The district court *sua sponte* dismissed Jiau's *Bivens* action citing that by seeking readmission into RDAP, her claims necessarily implicated the duration of her confinement and success on those claims would entitle her to an earlier release; therefore, under *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), those claims could only be raised in a habeas petition. In *Skinner*, the Supreme Court held that habeas is the exclusive remedy for a prisoner who seeks immediate or speedier release from confinement, but it limited this exclusivity only to actions where success on the claims would "necessarily spell speedier release." *Skinner*, 131 S. Ct. at 1293 (citing *Wilkinson v. Dotson*, 544 U.S. 74 81–82 (2005)). Accordingly, implicit in the district court's order is a finding that readmission into RDAP would "necessarily spell speedier release" for Jiau.

The language in the applicable statute, however, indicates that successful completion of RDAP does not necessarily result in a reduced sentence, but rather

3

that the Bureau of Prisons ("BOP") retains discretion over whether to grant a sentence reduction to a prisoner who completes the program. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons . . . .") (emphasis added). Moreover, the discretion provided to the BOP under the statute to decide whether to grant a sentence reduction, even after a prisoner successfully completes RDAP, has been explicitly recognized by both the Supreme Court and this Court. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, . . . to reduce his term of imprisonment."); *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997) ("[E]ven when a statutorily eligible prisoner successfully completes the treatment program, the Bureau retains discretion under the statute to grant or deny a sentence reduction."). Therefore, even if success in Jiau's *Bivens* action would lead to her reinstatement into RDAP, that reinstatement, and her presumed successful completion of the program, would still not "necessarily" result in a sentence reduction and speedier release. Accordingly, the district court's dismissal of Jiau's *Bivens* action is vacated and remanded.

4

Appeal No. 13-15378 is **AFFIRMED**. Appeal No. 13-0248 is **VACATED and REMANDED**. Each party shall bear its costs on appeal.