**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL ANGEL RODRIGUEZ, *Petitioner-Appellant*, | No. 14-16399 |
| | D.C. No. |
| v. | 1:13-cv-01750-SMS |
| PAUL COPENHAVER, *Respondent-Appellee*. | OPINION |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Filed May 25, 2016

Before: A. Wallace Tashima, Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Silverman
Partial Concurrence and Partial Dissent by Judge Tashima

**SUMMARY**[*]

### Habeas Corpus

The panel reversed the district court's dismissal of a federal prisoner's 28 U.S.C. § 2241 habeas corpus petition challenging the Bureau of Prisons' denial of a discretionary *nunc pro tunc* designation of a state prison for service of his sentence pursuant to 18 U.S.C. § 3621(b), and remanded.

The panel held that because the district court had jurisdiction to consider Rodriguez's claims that the BOP violated the Constitution, exceeded its statutory authority, or acted contrary to established federal law, the district court erred by dismissing the petition for lack of jurisdiction.

The panel held that the BOP acted contrary to 18 U.S.C. § 3621(b)(4) and due process, when it relied on a letter from a judge who was not the sentencing judge, and who had been formally recused from the case due to an actual conflict – namely, his connection to the victim of the crime. The panel reversed and remanded for the district court to grant the habeas petition with directions to the BOP to promptly reconsider the prisoner's request for a *nunc pro tunc* designation, without considering the letter from the recused judge.

Judge Tashima concurred in part and dissented in part. He agreed that the BOP committed legal error under § 3621(b)(4) in treating and relying on the letter of a judge

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

who was not the sentencing judge, but he dissented from the majority's discussion of and "holding" that the BOP violated the prisoner's due process rights and statutory rights under the recusal statutes.

## COUNSEL

Stephen R. Sady (argued), Chief Deputy Federal Public Defender, and Elizabeth G. Daily, Research & Writing Attorney, Portland, Oregon, for Petitioner-Appellant.

Audrey B. Hemesath (argued), Assistant United States Attorney, Camil A. Skipper, Appellate Chief, and Benjamin B. Wagner, United States Attorney, Sacramento, California, for Respondent-Appellee.

## OPINION

SILVERMAN, Circuit Judge:

Federal prisoner Daniel Rodriguez appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' denial of a discretionary *nunc pro tunc* designation of a state prison for service of his federal sentence pursuant to 18 U.S.C. § 3621(b).

We hold that the district court erred by dismissing the petition for lack of jurisdiction. The district court had jurisdiction to consider Rodriguez's claims that the Bureau of Prisons violated the Constitution, exceeded its statutory authority, or acted contrary to established federal law. *See Close v. Thomas*, 653 F.3d 970, 973–74 (9th Cir. 2011).

We also hold that the Bureau of Prisons acted contrary to 18 U.S.C. § 3621(b)(4), which directs the Bureau of Prisons, when designating a prisoner to a facility in which to serve his sentence, to consider "any statement by *the court that imposed the sentence*." (emphasis added).  It is undisputed that the Bureau of Prisons relied on a letter from a judge who not only was *not* the sentencing judge, but who had been formally recused from the case due to an actual conflict – namely, his connection to the victim of the crime.  In relying on that letter, the Bureau of Prisons acted contrary to 18 U.S.C. § 3621(b)(4) and due process.  We reverse and remand for the district court to grant the petition for habeas corpus with directions to the Bureau of Prisons to promptly reconsider Rodriguez's request for a *nunc pro tunc* designation, without considering the letter from the recused judge.

I

Background

On July 24, 1994, Rodriguez was arrested on state charges in Miami, Florida.  He was on parole for a previous state conviction at the time of his arrest. A month later, while Rodriguez was in state custody, he appeared in the United States District Court for the Southern District of Florida, where he was charged with various firearm charges, and assault on a federal judge stemming from a home invasion robbery.  Acting Chief District Judge Edward B. Davis previously had recused all of the district judges in the Southern District of Florida from Rodriguez's case because the alleged victim of the home robbery was a fellow judge of the district court in the Southern District of Florida.

Because all of the Southern District of Florida judges had been recused, the Chief Judge of the Eleventh Circuit appointed United States District Judge Robert Propst, from the Northern District of Alabama, to sit by designation and preside over Rodriguez's case in the Southern District of Florida. The jury acquitted Rodriguez of assault, but found him guilty of the firearm charges. Judge Propst then dismissed the firearm conviction related to the assault charge, leaving two convictions for felon in possession of a firearm.

On April 10, 1995, Judge Propst sentenced Rodriguez to a prison term of 272 months. At that time, Rodriguez was still in state custody while awaiting disposition of his state cases. The federal sentence was silent about whether it should run concurrently with or consecutively to the yet-to-be-imposed sentences for the new pending state charges and parole revocation. About three years after Rodriguez finished serving his state sentences, the Bureau of Prisons took custody of Rodriguez. That occurred on July 16, 1998.

Rodriguez requested that the Bureau of Prisons retroactively designate the Florida prison system for service of his federal sentence *nunc pro tunc* to September 1, 1994. In other words, he sought, in effect, to get credit toward his federal sentence for the time he spent in state custody before being transferred to the Bureau of Prisons on July 16, 1998. A *nunc pro tunc* designation would shorten Rodriguez's federal sentence by approximately three years.[1]

---

[1] Rodriguez's federal sentence has been credited with some state time. The *nunc pro tunc* designation would, in effect, provide credit from September 1, 1994, to October 2, 1997.

Pursuant to the Bureau of Prisons' Program Statement and 18 U.S.C. § 3621(b)(4), Eric Wohltjen, Acting Chief of the Bureau's Designation and Sentence Computation Center, sent a letter to Judge Propst, but he mailed it to the Southern District of Florida, instead of to Alabama. The letter solicited Judge Propst's position on whether the retroactive designation should be granted. On March 18, 2010, Chief Judge Federico A. Moreno of the Southern District of Florida, not Judge Propst the sentencing judge, replied to the Bureau of Prisons as follows:

> Dear Mr. Wohltjen,
>
> I am in receipt of a copy of your letter to Judge Robert Propst, from the Northern District of Alabama, who presided over the above-styled case here in Miami. As a review of the file will reveal, a judge in our Court, Shelby Highsmith, was the victim in the case for which visiting Judge Propst sentenced Mr. Rodriguez to 272 months. Mr. Rodriguez was also sentenced in state court to a 20 year term for multiple counts of armed robbery and kidnapping.
>
> To now grant retroactive credit to Mr. Rodriguez for the time served in state custody would drastically reduce the sentence that visiting Judge Propst properly imposed. As the Chief Judge of the Southern District of Florida where Judge Highsmith honorably served until his recent retirement, I strongly oppose the defendant's request for the Bureau of Prisons to give him credit for the time he

served in state prison on an unrelated violent crime.

Unfortunately, Federal Judges have been the recipients of many threats in today's society. When a threat results in an actual attack, the offenders should be severely sanctioned. To now allow Mr. Rodriguez to be released on January 8, 2015 rather than October 19, 2018 is not only dangerous to the public but an insult to the victim in the federal case, Judge Shelby Highsmith, let alone the victims of the armed robbery in the state case. I hope that you deny his request for retroactive credit.

The Bureau of Prisons denied the *nunc pro tunc* designation request, writing to Rodriguez that

we considered the nature of your instant offense conduct, the reasons for which you were in the custody of the State of Florida, the nature and repetitiveness of your criminal history, and your institutional adjustment. We also contacted the court regarding your request. In response, the court emphatically objected to your federal sentence commencing the day it was imposed as doing so would be a great insult to the victim of your federal crime which, a federal judge, and the victims of the armed robbery for which you were sentenced in state court. Accordingly, we determined a retroactive designation would be

inconsistent with the goals of the criminal justice system.

Rodriguez then filed his 28 U.S.C. § 2241 habeas petition in the Eastern District of California, the district in which he was then incarcerated, alleging, first, that the Bureau of Prisons violated the law and Constitution by considering the recused judge's letter; and second, that Chief Judge Moreno, the recused judge, violated the recusal statute and recusal order by responding to the Bureau of Prisons in his official capacity. The district court dismissed the habeas petition, holding that it lacked jurisdiction to review an individual discretionary denial of a *nunc pro tunc* designation by the Bureau of Prisons because 18 U.S.C. § 3625 specifically exempts § 3621 decisions from the judicial review provisions of the Administrative Procedure Act. Rodriguez appealed.

II

Jurisdiction and standards of review

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both subject matter jurisdiction and the merits of the habeas claim. *Close*, 653 F.3d at 973; *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011).

III

District court's jurisdiction

The district court erred when it dismissed the petition for lack of jurisdiction. Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons

acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621. *Close*, 653 F.3d at 973–74. Rodriguez alleged in the district court that the Bureau of Prisons's consideration of the recused judge's letter violated the law and Constitution. Therefore, the district court erred when it dismissed the petition for lack of jurisdiction. *Id.* Because the facts are undisputed, we address Rodriguez's wholly legal claim.

IV

Bureau of Prisons' consideration of the recused judge's letter

Rodriguez argues that the Bureau of Prisons acted contrary to 18 U.S.C. § 3621(b)(4) when it considered an official letter from a judge who was both recused from Rodriguez's case and was not the sentencing judge. We agree.

The Bureau of Prisons' authority to *nunc pro tunc* designate a state prison for service of a federal sentence derives from its authority to designate the facility where a federal defendant serves his sentence. 18 U.S.C. § 3621(b); *Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 132 S. Ct. 1463 (2012). Section 3621(b) gives the Bureau of Prisons discretion to designate the facility, but lists the factors that the Bureau of Prisons must consider when it exercises discretion. The statute directs the Bureau of Prisons to consider "any statement *by the court that imposed the sentence–* (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4) (emphasis added). This is a direction to the Bureau of Prisons to consider statements made by the sentencing judge to determine the judge's intent and reasoning for the particular sentence imposed on the particular defendant. *See Rodriguez v. Smith*, 541 F.3d 1180, 1189 (9th Cir. 2008) (characterizing factors considered under § 3621(b) to include the "sentencing judge's statement"); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 248 (3d Cir. 2005) ("Congress expressed an intent that the [Bureau of Prisons] take into account the sentencing judge's recommendation."); *see also* Federal Bureau of Prisons Program Statement No. 5160.06, at 6 (Jan. 16, 2003) (setting forth procedures to follow "[w]hen the original sentencing judge is no longer available and the assigned judge offers no opinion").

Thus, there is no doubt that the Bureau of Prisons doubly erred in considering Chief Judge Moreno's letter: First, he was not the judge who imposed the sentence as 18 U.S.C. § 3621(b)(4) contemplates; and second, he had been recused from the case and should not have participated in it in any way.

The Due Process Clause of the Fourteenth Amendment requires recusal of a judge who "has a direct, personal, substantial pecuniary interest in reaching a conclusion against [a defendant] in his case." *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). "[T]o perform its high function in the best way, *justice must satisfy the appearance of justice.*" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 n.12

(1988) (emphasis added) (internal quotation marks omitted); *see also Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 617 (1993) ("That officers acting in a judicial or quasi-judicial capacity are disqualified by their interest in the controversy to be decided is, of course, the general rule." (quoting *Tumey*, 273 U.S. at 522)).

In this case, Chief Judge Moreno, a colleague of an alleged victim of Rodriguez's crimes, strongly recommended "severe[] sanction[s]" and the denial of the nunc pro tunc designation to avoid "insult" to his colleague. To make matters worse, the chief judge presented his recommendation under the guise of a neutral adjudicator by sending his letter in place of the sentencing judge's recommendation. The Bureau of Prisons adopted the recused judge's recommendation and denied Rodriguez's application. Such actions do not satisfy the appearance of justice. Nor do they afford Rodriguez his due process right to neutral adjudication. Thus, as a matter of both statute and due process, the Bureau of Prisons should not have considered Chief Judge Moreno's letter. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876, 883–84 (2009); *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971). Furthermore, there is no way that this error can be deemed harmless in as much as the Bureau specifically cited and relied on the Moreno letter in denying Rodriguez's application.

We reverse and remand for the district court to grant the writ and to direct the Bureau of Prisons to reconsider, within

30 days, Rodriguez's application for *nunc pro tunc* designation, and to do so without regard to Chief Judge Moreno's letter.**[2]**

**REVERSED AND REMANDED.**

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

In designating the place of a federal prisoner's confinement, the Bureau of Prisons ("BOP") is required to consider "any statement by the court that imposed the sentence[.]" 18 U.S.C. § 3621(b)(4). This requirement applies to retroactive, or *nunc pro tunc*, designations. Although one possible construction of the term "the court that imposed the sentence" is that it refers to the court as a whole, here the Southern District of Florida, I fully agree with the majority's interpretation that "[t]his is a direction to the Bureau of Prisons to consider statements made by the sentencing judge to determine the judge's intent and reasoning for the particular sentence imposed on the particular defendant." Maj. Op. at 10. Because Chief Judge Moreno was not the sentencing judge, I agree that the BOP

---

**[2]** Because we grant relief on this issue, we decline to consider the alternative arguments raised by Rodriguez. We also decline to consider the arguments waived in the district court.

committed legal error under § 3621(b)(4) in treating and relying on his letter as the views of the sentencing judge.[1]

This should end the matter and I would not further opine on whether the Chief Judge's letter was a violation of the recusal statutes or of due process, as does the majority. The recusal statutes apply only to in-court "proceedings." *See* 28 U.S.C. § 144 (limiting application to "any proceeding in a district court"); *id.* § 455(a) (requiring judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). Indubitably, the BOP's designation of a prisoner's place of confinement is not a court "proceeding."[2] More importantly, the letter-writing judge is not the decision-making authority. Thus, at best, it is highly questionable whether the recusal statutes apply to § 3621 determinations by the BOP.

As for the asserted "due process" violation caused by the BOP's reliance on the Chief Judge's letter, the cases the majority cites are inapposite. All of the cases cited by the majority, *see* Maj. Op. at 10–11, *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 865 n.12 (1988), *Concrete Pipe & Prod. Of*

---

[1]   It is important to note that § 3621 is not an all encompassing statute. It does not prohibit the BOP from considering materials from other sources, nor does it exhaustively list what the BOP may not consider. For example, there is nothing in the statute that expressly prohibits the BOP from considering a letter from the victim, or from the inmate's parent or spouse. Because the issue is not before us, we need not decide whether the BOP was free to consider the Chief Judge's letter, as long as it made clear that it was not being considered as the views of the sentencing judge.

[2]   In fact, in the usual case, the BOP's designation decision is not subject to judicial review under the APA. *See* 18 U.S.C. § 3125.

*Cal., Inc. v. Constr. Laborers Pension Tr. For S. Cal.*, 508
U.S. 602, 617 (1993); *Caperton v. A.T. Massey Coal Co.*,
556 U.S. 868, 876 (2009); and *Mayberry v. Pennsylvania*,
400 U.S. 455, 466 (1971), concerned in-court proceedings
and decisions made by judges in those proceedings, not a
judge acting as a witness by sending a letter responding to the
inquiry of an independent agency.

Moreover, it is entirely unnecessary to decide either the
due process issue or the reach of the recusal statutes because
the case can be completely disposed of on the statutory
violation ground.  Finally, because, as the majority holds,
only the sentencing judge can respond to the BOP's § 3621
request, it is highly unlikely that a potential due process
violation will arise again.  Once the BOP's solicitation and
consideration of § 3621 letters is limited to sentencing judges,
by definition a judge who has been recused from the
sentencing proceeding cannot be the sentencing judge.  The
problem should not recur.  Thus, the majority's "decision" of
these issues is not only dicta in the old fashioned sense, it is
also unnecessary in the practical sense.[3]

I thus concur in all of the majority opinion, except for its
discussion of and "holding" that the BOP violated
Rodriguez's due process rights and statutory rights under the
recusal statutes, from which I respectfully dissent.

---

[3]  I emphasize that the dicta is "unnecessary" because of our Circuit's
unique – and unfortunate – view of dicta. *See Barapind v. Enomoto*, 400
F.3d 744, 750–51 (9th Cir. 2005) (en banc).