Partial Concurrence and Partial Dissent by Judge TASHIMA
OPINION
SILVERMAN, Circuit Judge:
Federal prisoner Daniel Rodriguez appeals the district court’s dismissal of his 28 U.S.C. § 2241 habeas petition challenging *1240 the Bureau of Prisons’ denial of a discretionary nunc pro tunc designation of a state prison for service of his federal sentence pursuant to 18 U.S.C. § 3621(b).
We hold that the district court erred by dismissing the petition for lack of jurisdiction. The district court had jurisdiction to consider Rodriguez’s claims that the Bureau of Prisons violated the Constitution, exceeded its statutory authority, or acted contrary to established federal law. See Close v. Thomas, 653 F.3d 970, 973-74 (9th Cir. 2011).
We also hold that the Bureau of Prisons acted contrary to 18 U.S.C. § 3621(b)(4), which directs the Bureau of Prisons, when designating a prisoner to a facility in which to serve his sentence, to consider “any statement by the court that imposed the sentence.” (emphasis added). It is undisputed that the Bureau of Prisons relied on a letter from a judge who not only was not the sentencing judge, but who had been formally recused from the case due to an actual conflict — namely, his connection to the victim of the crime. In relying on that letter, the Bureau of Prisons acted contrary to 18 U.S.C. § 3621(b)(4) and due process. We reverse and remand for the district court to grant the petition for ha-beas corpus with directions to the Bureau of Prisons to promptly reconsider Rodriguez’s request for a nunc pro tunc designation, without considering the letter from the recused judge.
I
Background
On July 24, 1994, Rodriguez was arrested on state charges in Miami, Florida. He was on parole for a previous state conviction at the time of his arrest. A month later, while Rodriguez was in state custody, he appeared in the United States District Court for the Southern District of Florida, where he was charged with various firearm charges, and assault on a federal judge stemming from a home invasion robbery. Acting Chief District Judge Edward B. Davis previously had recused all of the district judges in the Southern District of Florida from Rodriguez’s case because the alleged victim of the home robbery was a fellow judge of the district court in the Southern District of Florida.
Because all of the Southern District of Florida judges had been recused, the Chief Judge of the Eleventh Circuit appointed United States District Judge Robert Propst, from the Northern District of Alabama, to sit by designation and preside over Rodriguez’s case in the Southern District of Florida. The jury acquitted Rodriguez of assault, but found him guilty of the firearm charges. Judge Propst then dismissed the firearm conviction related to the assault charge, leaving two convictions for felon in possession of a firearm.
On April 10, 1995, Judge Propst sentenced Rodriguez to a prison term of 272 months. At that time, Rodriguez was still in state custody while awaiting disposition of his state cases. The federal sentence was silent about whether it should run concurrently with or consecutively to the yet-to-be-imposed sentences for the new pending state charges and parole revocation. About three years after Rodriguez finished serving his state sentences, the Bureau of Prisons took custody of Rodriguez. That occurred on July 16,1998.
Rodriguez requested that the Bureau of Prisons retroactively designate the Florida prison system for service of his federal sentence nunc pro tunc to September 1, 1994. In other words, he sought, in effect, to get credit toward his federal sentence for the time he spent in state custody before being transferred to the Bureau of Prisons on July 16, 1998. A nunc pro tunc designation would shorten Rodriguez’s fed *1241 eral sentence by approximately three years.[1]
Pursuant to the Bureau of Prisons’ Program Statement and 18 U.S.C. § 3621(b)(4), Eric Wohltjen, Acting Chief of the Bureau’s Designation and Sentence Computation Center, sent a letter to Judge Propst, but he mailed it to the Southern District of Florida, instead of to Alabama. The letter solicited Judge Propst’s position on whether the retroactive designation should be granted. On March 18, 2010, Chief Judge Federico A. Moreno of the Southern District of Florida, not Judge Propst the sentencing judge, replied to the Bureau of Prisons as follows:
Dear Mr. Wohltjen,
I am in receipt of a copy of your letter to Judge Robert Propst, from the Northern District of Alabama, who presided over the above-styled case here in Miami. As a review of the file will reveal, a judge in our Court, Shelby Highsmith, was the victim in the ease for which visiting Judge Propst sentenced Mr. Rodriguez to 272 months. Mr. Rodriguez was also sentenced in state court to a 20 year term for multiple counts of armed robbery and kidnapping.
To now grant retroactive credit to Mr. Rodriguez for the time served in state custody would drastically reduce the sentence that visiting Judge Propst properly imposed. As the Chief Judge of the Southern District of Florida where Judge Highsmith honorably served until his recent retirement, I strongly oppose the defendant’s request for the Bureau of Prisons to give him credit for the time he served in state prison on an unrelated violent crime.
Unfortunately, Federal Judges have been the recipients of many threats in today’s society. When a threat results in an actual attack, the offenders should be severely sanctioned. To now allow Mr. Rodriguez to be released on January 8, 2015 rather than October 19, 2018 is not only dangerous to the public but an insult to the victim in the federal case, Judge Shelby Highsmith, let alone the victims of the armed robbery in the state case. I hope that you deny his request for retroactive credit.
The Bureau of Prisons denied the nunc pro tunc designation request, writing to Rodriguez that
we considered the nature of your instant offense conduct, the reasons for which you were in the custody of the State of Florida, the nature and repetitiveness of your criminal history, and your institutional adjustment. We also contacted the court regarding your request. In response, the court emphatically objected to your federal sentence commencing the day it was imposed as doing so would be a great insult to the victim of your federal crime which, a federal judge, and the victims of the armed robbery for which you were sentenced in state court. Accordingly, we determined a retroactive designation would be inconsistent with the goals of the criminal justice system.
Rodriguez then filed his 28 U.S.C. § 2241 habeas petition in the Eastern District of California, the district in which he was then incarcerated, alleging, first, that the Bureau of Prisons violated the law and Constitution by considering the recused judge’s letter; and second, that Chief Judge Moreno, the recused judge, violated the recusal statute and recusal order by responding to the Bureau of Prisons in his official capacity. The district court dismissed the habeas petition, holding that it *1242 lacked jurisdiction to review an individual discretionary denial of a nunc pro tunc designation by the Bureau of Prisons because 18 U.S.C. § 3625 specifically exempts § 3621 decisions from the judicial review provisions of the Administrative Procedure Act. Rodriguez appealed.
II
Jurisdiction and standards of review
We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both subject matter jurisdiction and the merits of the habeas claim. Close, 653 F.3d at 973; Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011).
III
District court’s jurisdiction
The district court erred when it dismissed the petition for lack of jurisdiction. Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621. Close, 653 F.3d at 973-74. Rodriguez alleged in the district court that the Bureau of Prisons’s consideration of the recused judge’s letter violated the law and Constitution. Therefore, the district court erred when it dismissed the petition for lack of jurisdiction. Id. Because the facts are undisputed, we address Rodriguez’s wholly legal claim.
IV
Bureau of Prisons’ consideration of the recused judge’s letter
Rodriguez argues that the Bureau of Prisons acted contrary to 18 U.S.C. § 3621(b)(4) when it considered an official letter from a judge who was both recused from Rodriguez’s case and was not the sentencing judge: We agree.
The Bureau of Prisons’ authority to nunc pro tunc designate a state prison for service of a federal sentence derives from' its authority to designate the facility where a federal defendant serves his sentence. 18 U.S.C. § 3621(b); Reynolds v. Thomas, 603 F.3d 1144, 1150 (9th Cir. 2010), abrogated on other grounds by Setser v. United States, — U.S.-, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012). Section 3621(b) gives the Bureau of Prisons discretion to designate the facility, but lists the factors that the Bureau of Prisons must consider when it exercises discretion. The statute directs the Bureau of Prisons to consider “any statement by the court that imposed the sentence — (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate.” 18 U.S.C. § 3621(b)(4) (emphasis added). This is a direction to the Bureau of Prisons to consider statements made by the sentencing judge to determine the judge’s intent and reasoning for the particular sentence imposed on the particular defendant. See Rodriguez v. Smith, 541 F.3d 1180, 1189 (9th Cir. 2008) (characterizing factors considered under § 3621(b) to include the “sentencing judge’s statement”); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 248 (3d Cir. 2005) (“Congress expressed an intent that the [Bureau of Prisons] take into account the sentencing judge’s recommendation.”); see also Federal Bureau of Prisons Program Statement No. 5160.06, at 6 (Jan. 16, 2003) (setting forth procedures to follow “[w]hen the original sentencing judge is no longer available and the assigned judge offers no opinion”).
Thus, there is no doubt that the Bureau of Prisons doubly erred in considering *1243 Chief Judge Moreno’s letter: First, he was not the judge who imposed the sentence as 18 U.S.C. § 3621(b)(4) contemplates; and second, he had been recused from the case and should not have participated in it in any way.
The Due Process Clause of the Fourteenth Amendment requires recusal of a judge who “has a direct, personal, substantial pecuniary interest in reaching a conclusion against [a defendant] in his case.” Tumey v. Ohio, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927). “[T]o perform its high function in the best way, justice must satisfy the appearance of justice.” Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 n. 12, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (emphasis added) (internal quotation marks omitted); see also Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 617, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (“That officers acting in a judicial or quasi-judicial capacity are disqualified by their interest in the controversy to be decided is, of course, the general rule.” (quoting Tumey, 273 U.S. at 522, 47 S.Ct. 437)).
In this case, Chief Judge Moreno, a colleague of an alleged victim of Rodriguez’s crimes, strongly recommended “severe[] sanction[s]” and the denial of the nunc pro tunc designation to avoid “insult” to his colleague. To make matters worse, the chief judge presented his recommendation under the guise of a neutral adjudicator by sending his letter in place of the sentencing judge’s recommendation. The Bureau of Prisons adopted the recused judge’s recommendation and denied Rodriguez’s application. Such actions do not satisfy the appearance of justice. Nor do they afford Rodriguez his due process right to neutral adjudication. Thus, as a matter of both statute and due process, the Bureau of Prisons should not have considered Chief Judge Moreno’s letter. Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876, 883-84, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009); Mayberry v. Pennsylvania, 400 U.S. 455, 466, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). Furthermore, there is no way that this error can be deemed harmless in as much as the Bureau specifically cited and relied on the Moreno letter in denying Rodriguez’s application.
We reverse and remand for the district court to grant the writ and to direct the Bureau of Prisons to reconsider, within 30 days, Rodriguez’s application for nunc pro tunc designation, and to do so without regard to Chief Judge Moreno’s letter.[2]
REVERSED AND REMANDED.

. Rodriguez’s federal sentence has been credited with some state time. The nunc pro tunc designation would, in effect, provide credit from September 1, 1994, to October 2, 1997.

. Because we grant relief on this issue, we decline to consider the alternative arguments raised by Rodriguez. We also decline to consider the arguments waived in the district court.