**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY MOORE, | No. 14-16169 |
| Petitioner-Appellant, | |
| v. | D.C. No. 4:14-cv-01987-CKJ-EJM |
| LOUIS WINN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 11, 2017
San Francisco, California

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,** District Judge.

Anthony Moore, a prisoner convicted in state court but housed in federal

prison, appeals from the district court's judgment dismissing his *pro se* petition for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

a writ of habeas corpus under 28 U.S.C. § 2241.[1]

The district court erred in holding that it lacked jurisdiction on the basis that Moore could not properly challenge the conditions of his confinement through a habeas petition. Under *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000), the court could review Moore's petition because it contests the "manner, location, or conditions of [his] sentence's execution." *See also Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). This court's decision in *Nettles v. Grounds*—which restricts the scope of habeas jurisdiction for *state* prisoners—is not to the contrary. *See* 830 F.3d 922, 931 (9th Cir. 2016) (noting that the court "need not address how the standard . . . adopted here applies to relief sought by prisoners in federal custody").

On remand the court must consider whether Moore's claim is foreclosed by 18 U.S.C. § 3625, which this court has held precludes judicial review of "discretionary determinations" made by the Bureau of Prisons ("BOP") under 18 U.S.C. § 3621. *Compare Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that the district court lacked jurisdiction over habeas challenge to BOP's individualized placement determination), *with Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (holding that 18 U.S.C. § 3625 does not preclude

---

[1] We assume without deciding that Moore's challenge was properly brought under 28 U.S.C. § 2241, based on the understanding from oral argument that Moore is challenging the federal Bureau of Prison's classification system.

2

claims that the BOP "acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621").

**VACATED and REMANDED.**