**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HILARIO NIETO,

        Petitioner - Appellant,

  v.

B. HUDSON,

        Respondent - Appellee.

No. 26-150

D.C. No.
4:25-cv-00648-JCH--EJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Federal prisoner Hilario Nieto appeals pro se from the district court's judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nieto contends that the Bureau of Prisons ("BOP") has violated his due process rights by continuing to classify him as a member of a disruptive group. He seeks an order requiring the BOP to (1) remove his disruptive group designation, and (2) conduct a new, individualized review under 18 U.S.C. § 3621(b)(3) without consideration of that classification.

Federal courts lack jurisdiction to review the BOP's discretionary, individualized determinations made under § 3621. *See Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). Although judicial review is available for claims that the BOP "violated the Constitution, exceeded its statutory authority, or acted contrary to established federal law," *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1240 (9th Cir. 2016), Nieto has not raised a colorable due process claim cognizable in habeas. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (recognizing absence of protected liberty interest in "prisoner classification and eligibility for rehabilitative programs in the federal system"); *Pinson v. Carvajal*, 69 F.4th 1059, 1069 (9th Cir. 2023) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement." (quoting *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979))).

**AFFIRMED.**

2                                                                      26-150